afternoon may it please the court my name is Mario Valencia I represent the appellant in this case Quinton Williams and I'd like to reserve if possible a couple of minutes for if I got this right that a different lawyer tried the case and filed the appeal that's correct that was two different lawyers as I recall the lawyer who tried the case objected to the grand jury testimony coming in that's correct lawyer who wrote the appellate brief did not brief the issue of whether that violated the confrontation clause that's absolutely right what happened that is right he was represented mr. Williams was represented by Arthur Allen of the Federal Public Defender's Office at trial right after trial mr. Williams asked to have mr. Arthur taken off of his case the court did that and appointed a panel attorney by the name of Terry Jackson Terrence Jackson so mr. Jackson represented mr. Williams at the sentencing phase and then in the direct appeal Alan Allen at trial so was Alan at trial Jackson on appeal correct okay so in this case mr. Williams obviously is a denial he's he raised two issues in that 2255 motion both of them are ineffective assistance of counsel one is ineffective assistance of counsel at the trial level for failing to secure his presence at a material witness deposition and the second issue is ineffective assistance of appellate counsel for failing to raise the issue that judge Kleinfeld just mentioned which was that the admission of grand jury testimony over objection at his trial what this case is about is really it's it's a case of prostitution my client was accused of being a pimp in Las Vegas imagine that but he he's accused of being a pimp and of bringing across interstate line interstate lines to prostitutes one a Carmese Jackson who was older and then they said Saniqua or Saniqua with Nichols who allegedly is a minor well since your time is so limited I would just ask a question about the grand jury testimony how can you claim prejudice when the prosecution only used a very small portion of that grand jury testimony I guess it's miss Nichols that didn't refer to your client at all well what what prejudiced your client with her the admission of her testimony well I that the two prostitutes were involved in this case counts three four and I believe five all dealt with the minor the minor prostitute so they had to establish that there wasn't only Carmese Jackson involved in this case but in fact that miss Nichols was involved in this case as well he was charged with trafficking children for sex so they had to prove that this girl was a minor that she was a prostitute that she had earned money as a prostitute that she had interstate lines and so they did this through her testimony so I want to prove that he was transporting a minor what else did that she was a prostitute and that she was a prostitute she was making money from that prostitution and that that money was used in their money laundering claim was used to rent the hotel rooms at these different locations so that's what that testimony was if this isn't a case like Hernandez versus small where the with a testimony that was admitted was oh I went to the supermarket because I had the intent of stealing a car mr. Hernandez was on trial for murder if the if the testimony had been you know something related to the murder well that would be different but this is a case where he is accused of prostitution transporting people across interstate lines for prostitution these are key testimonies to the very elements of the crime it's not like especially children especially children testified at the grand jury that was the minor correct that was the minor so so three things that that testimony proved that she was a minor that she was a prostitute and that the money was used for the motel room right exactly went to the money laundry account I guess she I guess you'd need the minor in there's to get that expert witness in you absolutely would and that was the objection of trial counsel it's pretty clear the government felt this testimony was relevant and necessary to their case otherwise why admit it there would be no purpose for it so they obviously as a matter of fact in their motions that they filed to get her testimony admitted they admit that this testimony will help their case and of course they include the cat you know the the little phrase well when it's when it's viewed in light of other evidence because at that point in time they were under the idea now we know under Crawford which was wrong but under the Roberts test where if there was some addition of reliability and then under Hernandez which claimed that as long as the testimony didn't directly inculpate him but there was some other side evidence that helped you know to incriminate him well then that those statements wouldn't come in but clearly this this testimony was relevant to to their case and just like you say judge I mean there would have been they wanted dr. Lee in really to come in because in fact this minor had given contradictory statements before when she was first arrested by the government's own admission she never inculpated my client not once it wasn't until 10 days or 12 days after she's arrested where she supposedly comes in and inculpates my client and then she gives that same testimony at the grand jury where we didn't have a right an opportunity to suppose the panel were to conclude that the Jackson testimony is properly in and that it was not in effective assistance of counsel to fail to secure that your clients presence at the deposition where does that leave us in terms of analyzing prejudice as far as Miss Jackson's deposition as far as Nichols is concerned as far as Nichols is concerned well again I believe what you have is if we had been given the opportunity to adequately cross-examine Miss Jackson we could have pointed out a lot of inconsistencies in the testimony but your question if I understand right I guess I'm missing it to establish prejudice one way for the government to counter a prejudice claim stated the other way is to say even without that testimony there's plenty of evidence in the record to establish X or ABC I see I so where are if Jackson is in but Nichols is out where we are we on prejudice well again I I believe those are hearsay statements but if it's in then it becomes I guess I'm a matter of weighing the circumstances out because it's true that Miss Jackson in her deposition does mention Sonequa Nichols Nichols which is the minor in this case she does mention that she's a prostitute that they were working together and directly inculpates Mr. Williams in that situation but of course counsel trial counsel had moved to exclude any any evidence at all of the minor wasn't present to testify because it was all based on what other people were saying it was hearsay about supposedly what Miss Nichols was doing and and what she wasn't doing it would have been up to the jury I guess at that point in time to determine whether or not Miss Jackson was telling the truth or not which is again why it was so relevant for us to have been given an opportunity to have Mr. Williams there and to cross-examine that witness at trial if I had more time I could go through the record and show you lots of examples where Miss Jackson actually contradicts what the government themselves was putting in their motions about Miss Nichols her involvement who was the one that originally told the police about Quinton Williams all of those things that's a good question I would I would assume so since it's already been up on appeal and they've already won as far as the convictions go but we're talking about ineffective assistance of counsel here and whether or not counsel by failing to raise this issue on appeal failed to raise to give effective assistance of counsel let you know at the trial our point is and I think Crawford goes to that it goes to the grand jury testimony I believe it also goes to the testimony of Miss Miss Jackson as a matter of fact the majority opinion in the memorandum cites to Crawford and say it says in there that the test is no longer Roberts and so they admit that she was they claim she was unavailable but what the majority then says is but what we look now is whether or not Quinton Williams was able to cross-examine Miss Jackson under Crawford and I believe they erroneously conclude that he was and they based that premise on the fact that mr. Jackson erroneously which is false said he didn't want to be present at that deposition quite the opposite is true and we've cited it in the record I think we're stuck with that though aren't we aren't we locked into what the previous panel did well we yes we are locked in with what the I'm sure you read it I just sent it in that I guess my point is well it is my point is simply that the majority opinion they cite to Crawford and what they found was that he had not cross-examined her make my question clear to you yeah I understand your point about the lawyer who did the appeal omitting the Crawford argument about the grand jury testimony I have trouble seeing what ineffective assistance the lawyer who represented the defendant at trial engaged in it seemed to me that the magistrate prevented him from rendering effective assistance by not letting him get his client there and not giving him a fair chance to talk to his client and sort of thing where you'd want to be whispering what question should I ask her and but it's all water over the dam and I can't see what the lawyer did wrong at the trial also the lawyer objected on the grand jury testimony I did you're absolutely right he did and I know mr. Allen and he's a he's a good trial lawyer and I believe as far as that goes is true the issue that we raise on appeal which was raised by mr. Quinton is pro se 2255 motion was by the way my time's up we're now into overtime but very quickly was simply that mr. Allen failed to tell him that he could attend telephonically this was a situation where I think everybody knew there was no way in 24 hours mr. William who was indigent was going to be able to hop on a plane in Chicago and fly to Las Vegas to attend this deposition in person the government not once before that had offered to pay his way to bring him here so in 24 hours mr. and mr. Allen has to bring this guy here he calls him and he tells him about the depo I thought that came up and he told the judge look it won't be effective because that's exactly just gets to listen he doesn't get to talk to me privately absolutely absolutely but he also says he didn't tell him that he could attend telephonically I see yeah so that was the point that we were trying to raise is if it's the only way he can attend it's telephonically and you don't tell him that how in the world could that not have been ineffective and failing to tell him by the way I know you can't make it I mean he's my district if you wanted to give plane fare I would expect for during the Christmas season one day's notice you'd pay the super-duper fare and my in my district when I was a district judge you had to ask the district judge to allow the money yeah file an ex parte motion to allow the money could that have been done here your client was innocent was he not wasn't is wasn't is that's right yeah it could have been done it could have been that the government could have come forward as I believe they had the the obligation to do and offered to pay his way to secure his presence there to hold her a little bit longer and if she wasn't was then wait just a few more days I mean it was only 24 hours that's all it was well in a strange way they actually did offer to pay his way didn't they well what they did was as on the 20th the day of her deposition after mr. Allen says I called him I wasn't able to get a hold of him and after he goes back in chambers and calls and says he's not available the government then comes in and says oh we'd be willing to pay his way your honor and just for the record we'd also like to put this yeah so anyway if you counsel your time is up but we may call on you for one minute of rebuttal okay thank you it pleases the court Brian quarrels for the United States I would ask that you affirm the district court's decision denying petitioners 2255 motion that he raises merit the relief you see I I don't get how a lawyer could miss the grand jury issue in the appeal I mean here you've got a zero witness case none of the recipient or participating witnesses got in front of that jury and two prostitutes you think credibility might be a possible issue that the defense would raise so letting in not when there was an objection in the record I don't understand how a lawyer could miss raising that on appeal I don't disagree with that your honor I think the issue that's really before this court is the fact that it was missed how was the appellant in this case prejudiced well Lee's testimony was about as prejudicial as I ever heard she testified in such a way as to make the jury think that the defendant was going to rent the baby out to perform fellatio on customers no she'd never met anybody involved she didn't know anything about the individuals she just said well this is how it works in the business and as I understand it the grand jury testimony was part of the foundation to get her in my miss misunderstanding I think that's an accurate representation it is accurate I would also submit that the actual grand jury testimony that was introduced at trial which is that supplemental excerpts of records at 95 through 96 certainly do nothing to in any way implicate incriminate the defendant or appellant in this case and that part is critical the case of Fernandez versus small and this court rejected a similar confrontation clause issue where the defendant was not implicated or incriminated based on the declarants testimony it doesn't Crawford versus Washington control this case I couldn't understand why you didn't make a reference to it well your honor quite honestly we relied upon with majority's decision in that case the court of course determined that his 20 his appeal should be denied after evaluating the facts and circumstances of the case and specifically determined that an adequate cross-examination occurred we didn't have the grand jury testimony though all we had before us was the deposition testimony the government perpetuated the testimony of one of the prostitutes by videotape and there was cross-examination there albeit not aided by the defendant sitting with his lawyer and and that's what we ruled on the way when we got this case on the merits panel but we didn't have the grand jury issue as I recall did we you didn't have a grand jury subsequent that his counsel of course failed to raise that throughout his appeal that's why we're here correct exactly your honor and ideally I wouldn't even have I ideally I would not have even had to write a longer dissent important about the cross-examination issue is that appellant still has not in his absence again the government would submit that he's done nothing to demonstrate that the admission of this evidence in any way how would you how would you know I mean I remember those crosses when I did a my client had sit next to me and say ask her this ask her that and most of the suggestions would be bad ones but occasionally there'd be a really good one well I would dare that would dare to submit that in that case you had a client who was willing to process in this case the defendant's own behavior prevented his trial counsel from doing any more what proof was there on absent Nichols testimony what proof was there on the record that mr. Williams transported a minor for purposes of prostitution I would submit your honor that the overwhelming majority of that testimony was based on the information that Nichols provided I would submit that my question is real simple and it's easily answerable and I guess the best way to answer it is there any proof other than the Nichols grand jury testimony which would establish that mr. Williams transported a minor for purposes of prostitution there's also the testimony we start with the yes or no can you tell me what the evidence is yes your honor okay tell me what it is the other evidence is the testimony from the other prostitute that testified and what did she say vis-a-vis Nichols I'm sorry your honor say what she said with respect to Nichols she didn't make any specific or explicit comments as it relates to Nichols if you were you're speaking of Nichols the testimony that specifically incriminates defendant regarding transporting Nichols the minor right I'm not familiar if there is any other testimony other than that your honor I misunderstood okay so if the Nichols grand jury testimony is out is it correct that there's nothing in the record to establish that Williams transported a minor across state lines for the purpose of prostitution I believe that's a fair assessment thank you so is it reasonably possible that counsel challenged the grand jury testimony on appeal he would have won that's a reasonable interpretation your honor again I would submit though without notwithstanding the fact that the testimony was admitted the standard requires how is he prejudiced by the admission of that evidence I would submit that he's failed to do so would also submit that it's arguably why wouldn't the prejudice be number one the jury believes he transported Nichols and not just Jackson number two Nichols was the minor the much more serious charge at number three it makes Jackson more credible here he is she is a lawbreaker herself testifying that he broke the law in connection with her not super-duper credibility but if another person who broke the law the same way says yeah me too it makes it more credible number four it gets Lee in this expert witness who was probably the most dramatic thing in the trial since there were no other witnesses live I don't understand why there isn't prejudice I would submit that the defendant is filled to demonstrate how he's been prejudiced your honor those things may have played a role in this case but he's filled to demonstrate that they they did in this or could you do it I mean you can't put in evidence of the jury's deliberations what more can could you do nor do we know that those were facts that the jury took into account when they decided the appellant you're not allowed to under the rules to put in evidence of the jury's internal deliberations of course your honor but my point is that we don't know that the jury relied upon the fact that you suggested to reach a guilty verdict against the appellant what we do know is that he's filled to demonstrate how his prejudice by the admission of that evidence the fact that he got convicted well but we don't know that how that the admissibility of that evidence in and of itself create the prejudice that resulted in his conviction didn't the appellate counsel's failure to raise the grand jury issue on appeal deprive the prior panel of the opportunity to make that very assessment I would agree with that conclusion your honor and that's not enough I would submit it's not under the cases that this court has decided again I would submit that under Hernandez versus Small demonstrates that the mere fact that there has been previous testimony testimony that does not incriminate the defendant would be admissible so let's say you have a defendant in a criminal case accused of two counts of murder the defendant is accused of murdering Smith and Jones and there's only one witness who can provide any evidence that happens to be an eyewitness but that's the sole and exclusive evidence on whether the defendant killed Jones and you have the same and it turns out that the evidence consisted of grand jury testimony and the person didn't object to it on appeal are you telling me that if that issue was raised that the panel couldn't say Smith conviction stands Jones convictions out what I'm saying your honor is that the defendant is unarticulated that as a basis that he was prejudiced okay I guess thank you thank you counsel I don't think we need anything I think you've addressed the arguments that were raised counsel United States versus Williams is submitted
judges: Nelson, Kleinfeld, Hawkins